LUTTIG, Circuit Judge,
concurring in the judgment:
Fed.R.Civ.P. 17(a) states:
Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.
(Emphasis added). Transcontinental’s action against Wheaton, which Intown seeks to join, was not dismissed on the ground that- it was not prosecuted in the name of the real parly in interest. ' It was dismissed because Transcontinental and Wheaton settled. Hence, even if Intown is correct that it, and not Transcontinental, is the real party in interest, Rule 17(a) does *172 not give Intown a “reasonable time ... after objection” to ratify, join, or be substituted into Transcontinental’s now — dismissed action. In other words, given that the suit was between Transcontinental and Wheaton and that the suit was dismissed because the two parties settled their dispute, Rule 17(a) simply cannot apply to afford Intown the relief it requests.
Nor can Intown avail itself of Rule 15(a). Intown was not a “party” to Transcontinental’s action. Counsel for Transcontinental did “support” and “join” Intown’s motion to amend. J.A. 167,168. But even if this support and joinder could somehow convert Intown’s motion into one by Transcontinental itself, once a party has settled and voluntarily dismissed a case, that party’s motions to amend are moot. See, e.g., Florida, Country Clubs, Inc. v. Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., 98 F.Supp.2d 1356, 1362 (M.D.Fla.2000).
Because the text of neither Rule 15 nor Rule 17 give Intown a right to join Transcontinental’s action against Wheaton, I concur in the judgment.